UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANCISCO VICTORIA,

        Plaintiff,

   v.

JPMORGAN CHASE BANK;
WASHINGTON MUTUAL BANK;
and DOES 1 through 100,
inclusive.

        Defendants.

_____/

NO. CIV. S-09-2059 LKK/KJM

O R D E R

    This case concerns the foreclosure on plaintiff's home. Plaintiff's Complaint names two defendants and enumerates four causes of action. Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "JPMorgan") moves to dismiss all claims against it. For the reasons stated below, the motion to dismiss is granted in part.

## I. BACKGROUND

    Defendant JPMorgan Chase filed a motion to dismiss on August 3, 2009, after removing the case to federal court on July 24, 2009.

1

The motion was heard on September 28, 2009.

**A.    Initial Loan**

On or around October 11, 2006, plaintiff Francisco Victoria ("Plaintiff" or "Victoria") negotiated a home loan with agents or employees of Defendant Washington Mutual Bank ("WAMU").[1] Plaintiff claims he was induced to enter the loan agreement, yet fails to describe any facts in his complaint concerning the content of the alleged inducement. This loan was primarily negotiated in Spanish. Nonetheless, all loan documents, including those signed by Victoria, were written in English. Plaintiff, however, has not alleged any discrepancies between the loan he negotiated in Spanish and the loan agreements he signed on or about October 11, 2006.

Victoria's loans closed on or about October 11, 2006.[2] The

---

[1] Defendant's filings in connection with this motion have included numerous exhibits. A court may properly consider evidence that is subject to judicial notice under Fed. R. Evid. 201 on a motion to dismiss. Exhibits 1, 2, 3, 4, 5, 6, 7, and 8 to Defendant's Request for Judicial Notice ("Def. RFJN") are all publicly recorded documents as to which judicial notice is proper. Respectively, these documents are the Deed of Trust, No. 2006-214742; Deed of Trust, No. 2006-214743; Notice of Default and Election to Sell Under Deed of Trust, No. 2008-191142; Substitution of Trustee, No. 2009-012225; Substitution of Trustee, No. 2009-028185; Notice of Trustee's Sale, No. 2009-041080; Assignment of Deed of Trust, No. 2009-072863; and Trustee's Deed Upon Sale, 2009-091718. Judicial notice is also proper with respect to Exhibit 9, the Purchase and Assumption Agreement between the Federal Deposit Insurance Corporation ("FDIC") as Receiver of Washington Mutual Bank and JPMorgan Chase Bank, N.A., because it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Fed. Rule Evid. 201, in that it is available for public review on the FDIC's website.

[2] Victoria obtained two separate loans, one for $520,000.00 and the other for $65,000.00. Both loans apparently were signed and recorded on the same date, and identify the same parties for each transaction.

2

loans were each secured by a deed of trust. Both deeds identified United Financial Mortgage Corporation as the lender, and Old Republic Title Company as trustee. Neither is a party to this suit.

Plaintiff also alleges that WAMU did not provide him with adequate notice of his right to cancel the loan transaction and other, unidentified material disclosures at the origination of his loans.

On or about September 25, 2008, JPMorgan Chase acquired certain assets and liabilities of WAMU, including WAMU's interest in Victoria's loans.[3] JPMorgan Chase acquired these assets through a Purchase and Assumption Agreement with the Federal Deposit Insurance Corporation ("FDIC"), acting as the receiver of WAMU.

**B. Foreclosure**

On December 5, 2008, Quality Loan Service Corp. ("QLSP"), on behalf of Defendant WAMU, filed a notice of default on one of Victoria's loans and deed of trust in San Joaquin County.[4]

On or about February 18, 2009, plaintiff alleges he, through counsel, requested in writing that JPMorgan Chase inform Victoria of several items related to his home loans. These documents include: the promissory note; a copy of the recorded deed or deeds of trust; the unpaid balance of his loan; the current fixed or

---

[3] It is unclear whether JPMorgan Chase acquired both of Victoria's loans. However, JPMorgan Chase admits that it acquired the loan of $520,000.00, whose foreclosure is at issue in this case.

[4] It is unclear when JPMorgan Chase became the owner of plaintiff's loan in the Complaint and judicially noticed documents.

3

variable rate of interest; the end term of the loan; the date through which his real estate taxes and assessments were paid; and whether the loans may be transferred to another borrower. Sometime before April 1, 2009, Plaintiff also requested that JPMorgan Chase provide it with a beneficiary statement. Victoria alleges that JPMorgan Chase never responded to his requests.

Subsequently, on March 12, 2009, QLSP sent Victoria a notice of trustee's sale, scheduled for April 1, 2009. On, June 10, 2009, QLSP filed a trustee's deed upon sale for Victoria's home.

**II. STANDARD FOR A FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS**

In order to survive a motion to dismiss for failure to state a claim, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." Id. at 555.

The Supreme Court recently held that Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. Id. at 555 n.3. Though such assertions may provide a defendant with the requisite "fair notice" of the nature of a plaintiff's claim, the Court opined that only factual allegations can clarify the "grounds" on which that claim rests. Id. "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

4

cognizable right of action." Id. at 555, quoting 5 Wright & Miller, Federal Practice and Procedure, § 1216, pp. 235-36 (3d ed. 2004).[5]

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). In general, the complaint is construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). Nevertheless, the court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

### III. ANALYSIS

The present motion concerns five claims[6] against JPMorgan Chase: (1) fraud; (2) invalid contract because of Cal. Civ. Code § 1632; (3) violation of Truth In Lending Act ("TILA"); (4) violation of Real Estate Settlement Procedures Act ("RESPA"); and (5) injunctive relief.

---

[5] The holding in Twombly explicitly abrogates the well established holding in Conley v. Gibson that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957); Twombly, 550 U.S. at 560.

[6] Plaintiff pled four overlapping causes of action. Many of these causes of action, however, contained multiple, distinct claims. For clarity, this court will separately consider each claim.

5

1  **A.   JPMorgan Chase's Liability for Pre-September 25, 2008 Acts or**
2     **Omissions**
3      Defendant makes two arguments concerning whether it can be
4  liable for acts or omissions in the origination of plaintiff's loan
5  and in the foreclosure process prior to September 25, 2008: (1)
6  JPMorgan Chase is not successor to WAMU's liabilities incurred
7  before September 25, 2008; and (2) alternatively, even if JPMorgan
8  Chase were liable, WAMU was not the original lender, and therefore
9  did not commit the allegedly illegal acts and omissions. With
10 respect to the first argument, because defendant only sufficiently
11 argued this issue in its reply brief, the court will not decide
12 whether JPMorgan Chase is liable for these liabilities at this
13 time. Rather, parties consent to an extended briefing schedule with
14 respect to the issue of successor liability alone as detailed at
15 the end of this order.
16     Assuming for purposes of this order that JPMorgan Chase is
17 liable for WAMU's liabilities incurred before September 25, 2008,
18 its argument in the alternative is that WAMU is not the original
19 lender and, therefore cannot be held liable for acts or omissions
20 in the origination of plaintiff's loan.  That contention cannot be
21 decided on the pleadings. The only evidence JPMorgan Chase presents
22 in support of this argument is the judicially notice deed of trust
23 for Victoria's foreclosed loan. The deed lists United Financial
24 Mortgage Corporation as th lender. While deeds of trust constitute
25 evidence of the identity of the originating lender, they alone do
26 not establish that WAMU was not the lender. Based upon this court's

6

experience with similar cases, the court has learned that often the identity of the originating lender is obscured in the originating loan documents, and thus the deed of trust is not conclusive evidence that WAMU did not actually originate Victoria's loan. Accordingly, the court must take plaintiff's allegation that WAMU originated the loan as true, and therefore, plaintiff is not barred from making claims against JPMorgan Chase for the actions and omissions of WAMU in the loan origination process.

**B.   Fraud Claim**

JPMorgan Chase argues that plaintiff has failed to adequately allege the substantive elements of a claim for fraud in the inducement[7] under California law or to meet the pleading standard imposed by Fed. R. Civ. P. 9(b). The elements of a claim for fraud under California law are: (1) misrepresentation (a false representation, concealment or nondisclosure), (2) knowledge of falsity, (3) intent to defraud (to induce reliance), (4) justifiable reliance, and (5) resulting damage. Agosta v. Astor, 120 Cal. App. 4th 596, 603 (2004). Federal Rule of Civil Procedure 9(b) provides that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a

---

[7] Plaintiff also includes various allegations concerning his requests for documents and information about his loan shortly before his home was foreclosed in his cause of action for fraud. These allegations do not appear to support a claim of fraud. If plaintiff chooses to file an amended complaint, he may allege a claim for fraud concerning the provision of said documents and information, but he must separately allege the facts supporting fraud in his interactions with defendants shortly before his home loan was foreclosed.

7

person's mind may be alleged generally." A pleading meets the particularity requirement of Rule 9(b) "if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, 885 F.2d 531, 540 (9th Cir. 1989).

Victoria's allegations supporting his claim for fraud in the inducement are the following: (1) Victoria was induced to enter a loan agreement with WAMU (¶ 11); (2) Victoria negotiated the loan primarily in Spanish (¶ 13); (3) Victoria entered a contract with WAMU for a home loan (¶ 12); (4) the loan agreement and all other loan documentation were written in English (¶¶ 12-13); and (5) on April 1, 2009, JPMorgan Chase foreclosed Victoria's home loan, and Victoria now faces eviction (¶ 19).

Plaintiff did not allege that WAMU made any misrepresentations in the origination of the loan. Accordingly, Plaintiff also did not allege that WAMU had knowledge of unidentified misrepresentations or had intended to defraud Victoria. Similarly, Plaintiff did not allege that he justifiably relied upon such unidentified misrepresentations. Plaintiff did, however, allege that because of JPMorgan Chase's alleged fraud, Victoria has experienced the damage of foreclosure and impending eviction. They refer to no specific conduct, and give defendants absolutely no indication as to what conduct, if any, underlies the fraud claims. Thus, these allegations fail to meet the specificity required by Fed. R. Civ. P. 9(b).

Accordingly, the motion to dismiss plaintiff's fraud claim

1   is granted.

2   **C.   Contract Validity under Cal. Civ. Code § 1632.**

3   Plaintiff alleges a claim for violation of Cal. Civ. Code § 1632. This section requires "any person engaged in a trade or business who negotiates primarily in Spanish . . . , orally or in writing, in the course of entering [several types of contracts to] deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated." Cal. Civ. Code. § 1632(b). JPMorgan Chase argues that this claim should be dismissed because § 1632(b)(2) specifically excludes loans secured by real property. Defendant, however, overlooks the exception to § 1632(b)(2) in § 1632(b)(4). This section states that notwithstanding the exclusion of loans secured by real property, the statute applies to "a loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provision of Article 7 (commencing with Section 10240) of Chapter 3 of Part I of Division 4 of the Business and Professions Code." Cal. Civ. Code § 1632(b)(4). Section 10240 applies to certain real estate loans secured by real property that are negotiated exclusively by a real estate broker. Cal. Bus. & Prof. Code § 10240.[8]

---

[8] While no California courts have considered whether Cal. Civ. Code § 1632 applies to home loans, federal district courts throughout California have interpreted the § 1634(b)(4) exception to apply where plaintiff alleges both that the loan's primary use was for personal, family, or household purposes, and that the loan was negotiated exclusively by a real estate broker. See, e.g.,

9

Here, Victoria has alleged that he is a Spanish speaker and primarily negotiated his home loan in Spanish. Complaint ¶¶ 12-13, 25. Victoria further alleges WAMU is a real estate broker under Cal. Bus. & Prof. Code § 10240. Complaint ¶ 26. Additionally, while Victoria does not explicitly allege that his loan was primarily for personal, family, or household uses, the multiple references in Victoria's complaint to plaintiff's home loan, and the fact that plaintiff alleges that he faces eviction, satisfy the court at this time that the loan meets this requirement. Accordingly, Victoria has alleged that his loan falls within the exception stated in Cal. Civ. Code 1632(b)(4). Thus, JPMorgan Chase's motion to dismiss Plaintiff's claim under Cal. Civ. Code § 1632 is denied.

**D.   TILA**

Plaintiff brings Truth-In-Lending-Act ("TILA") claims for damages and for rescission. JPMorgan Chase argues that the claim for damages is barred by the statute of limitations, and that the rescission claim should be dismissed because plaintiff has not

---

Ibarra v. Plaza Home Mortgage, No. 08-CV-01707-H (JMA), 2009 WL 2901637, at *5 (S.D. Cal. Sept. 4, 2009); Ozuna v. Home Capital Funding, No. 08cv2367-IEG-AJB, 2009 WL 2496804, at *4 (S.D. Cal. Aug. 13, 2009); Aguero v. Mortgageit, Inc., No. 1:09-CV-0640 OWW SMS, 2009 WL 2486311, at *2 (E.D. Cal. Aug. 12, 2009); Delino v. Platinum Cmty. Bank, No. 09-CV-00288-H (AJB), 2009 WL 2366513, at *5-6 (S.D. Cal. July 30, 2009); Ortiz v. Accredited Home Lenders, Inc., No. 09 CV 0461 JM (CAB), 2009 WL 2058784, at *6-7 (S.D. Cal. July 13, 2009); Alvara v. Aurora Loan Servs., Inc., No. C-09-1512 SC, 2009 WL 1689640, at *3-4 (N.D. Cal. June 16, 2009); Mamerto v. Deutsche Bank Nat'l Trust Co., No. 08-CV-00589-H (JMA), 2009 WL 1582911, at *8 (S.D. Cal. June 4, 2009) ; Marcelos v. Dominguez, No C 08-00056 WHA, 2008 WL 1820683, at *8 (N.D. Cal. Apr. 21, 2008); Gonzalez v. Ameriquest Mortgage Co., No. C 03-00405 JSW, at *7-8 (N.D. Cal. Mar. 1, 2004); Ruiz v. Decision One Mortgage Co., No. C06-02530 HRL, 2006 WL 2067072, at *4-5 (N.D. Cal. July 25, 2006).

alleged sufficient facts to support a TILA claim against it.

**1.    Damages Claim**

   **a.    Statute of Limitations**

TILA provides a one-year statute of limitations for claims for civil damages.  15 U.S.C. § 1640(e).  Here, plaintiff's TILA claim arises solely out of failure to make required disclosures at the time the loan was entered into, on or around October 11, 2006.  Complaint ¶ 11.  Thus, the limitations period began to run at that time, King v. California, 784 F.2d 910, 914 (9th Cir. 1986), and would normally have expired in October of 2007.  However, TILA's limitations period for civil damages may be subjected to equitable tolling, King, 784 F.2d at 915. Here, plaintiff requests that the court equitably toll the statue of limitations because he is a Spanish speaker, who negotiated his loan primarily in Spanish, but only received loan documents in English. Because Victoria was unable to read the documents, he required more time to discover potential TILA violations contained within them.

The standard for a motion to dismiss based on a statute of limitations that has run is that it "may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995). Upon such a liberal reading of plaintiff's complaint, the court finds that whether equitable tolling applies here requires the court to determine when Victoria had a reasonable opportunity to discover the TILA violations. Such a determination

11

cannot be resolved on the pleadings.[9] Thus, Plaintiff has stated a claim for equitable tolling of the statute of limitations under TILA.

### b. Sufficiency of Claim

Defendant further argues that plaintiff did not adequately plead that JPMorgan Chase violated TILA or Regulation Z, which implements TILA. 15 U.S.C. § 1635; 12 C.F.R. § 226.23(a)(2). The defendant only argues that it could not have violated TILA because it was not the original lender. As discussed supra, § A, the court cannot decide at this stage in the litigation whether JPMorgan Chase is liable for the origination of plaintiff's loan. It makes no other arguments concerning the insufficiency of Victoria's claim. Thus, JPMorgan's motion to dismiss Victoria's TILA claim for damages must be denied.

### 2. Rescission Claim

JPMorgan Chase further argues that plaintiff's claim for rescission under TILA should be dismissed for two related reasons: (1) Victoria cannot provide tender, and thereby comply with rescission, and (2) Victoria never made an offer to repay the amounts received in his home loan. Each argument will be addressed in turn.

### a. Ability of Plaintiff to Provide Tender

JPMorgan Chase interprets case law permitting courts to

---

[9] Recently, the Southern District of California reached the same conclusion under virtually identical facts. Pelayo v. Home Capital Funding, No. 08-CV-2030 IEG (POR), 2009 WL 1459419, at *5 (S.D. Cal. May 22, 2009).

12

require mortgagor-plaintiffs to provide proof of their ability to repay loan proceeds if rescission were to be granted under TILA, as a requirement that mortgagor-plaintiffs must first provide such proof, and thereby argues that Victoria's claim for rescission under TILA is insufficient because he did not provide such proof in his complaint. See <u>Yamamoto v. Bank of New York</u>, 329 F.3d 1167, 1173 (9th Cir. 2003) ("[T]here is no reason why a court that may alter the sequence of procedures after deciding that rescission is warranted, may not do so before deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission obligations no matter what."). Accordingly, while courts may require plaintiffs to provide proof of their ability to repay loan proceeds to maintain a cause of action for rescission, it is not necessary that a plaintiff plead allegations of his ability to repay the loan when making a claim under TILA. Moreover, determination of a party's ability to repay a loan is a question of fact, which cannot be determined in a motion to dismiss. See <u>Hernandez v. Hilltop Financial Mortgage, Inc.</u>, 622 F. Supp. 2d 842, 849 n5 (N.D. Cal. 2007). Thus, Victoria need not plead his ability to repay his home loan in order to sufficiently plead a claim for rescission under TILA.

### b.   **Plaintiff's Failure to Offer Repayment**

Defendant also argues that Victoria failed to state a claim for rescission because he "failed to offer repayment or tender

13

1 repayment in the Complaint." Apparently, JPMorgan Chase contends
2 that in order to assert a claim for rescission under TILA, a
3 plaintiff must simultaneously repay the lender or make an offer to
4 repay the lender. In response, Victoria argues that TILA does not
5 set forth when tender must be made for adequate notice under the
6 statute and, further, that Victoria could not possibly provide
7 tender because JPMorgan Chase failed to respond to Victoria's
8 request for the amount due on his loan. While these arguments may
9 be relevant at a later stage of litigation, they fail to address
10 whether plaintiff's claim fails as a matter of law. Specifically,
11 Defendant does not provide any authority to support its argument
12 that a plaintiff must repay or make an offer to repay a loan in his
13 complaint. Rather, upon review of TILA and Regulation Z, "no
14 language [can be found that] requires the consumer to tender or
15 make an offer to tender the loan proceeds in his notice of
16 rescission to the creditor." Hernandez, 622 F. Supp. 2d at 848. As
17 such, defendant has not identified any deficiencies in Victoria's
18 complaint, and thus, its motion to dismiss Victoria's claim for
19 Rescission under TILA is denied.

20 **E.   RESPA Claim**

21     JPMorgan Chase argues that Plaintiff's claim for violations
22 of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.
23 § 2605(e) is inadequately pled. Plaintiff alleges violations of
24 RESPA both in JPMorgan Chase's failure to respond to his Qualified
25 Written Request ("QWR") and to provide disclosures during the
26 origination of his loan. The specific facts alleged by Victoria are

the following: (1) On or about October 11, 2006, Victoria negotiated and accepted a home loan with WAMU. Despite negotiations occurring primarily in Spanish, Victoria was only provided documents in English. These documents did not include required disclosures under RESPA. (Complaint ¶¶ 11-13, 22); (2) On or about February 2009, Victoria requested in writing that JPMorgan Chase produce various documents and information about his home loan. Defendant never produced the documents. (Complaint ¶¶ 14-15); (3) After this first request, but before April 2009, Victoria requested JPMorgan Chase provide a beneficiary statement to Victoria. Defendant did not produce the statement within 21 days of the request. (Complaint ¶¶ 9, 16-17).

Defendant argues that because it was not the lender for the origination of the loan, that it cannot be liable for any alleged violations of RESPA that occurred in origination. As discussed supra, § A, the court cannot decide as a matter of law that JPMorgan Chaseis not liable for any actions or omissions in the loan origination process. Thus, plaintiff has stated a claim that JPMorgan Chase is liable for failing to provide disclosures during loan origination.

JPMorgan Chase continues to argue that Victoria did not state a claim that it violated RESPA by failing to respond to his QWRs because Victoria did not allege when he made his QWRs. Apparently, defendant contends that these requests may have been made before September 25, 2008, and consequently, JPMorgan Chase is not liable. However, plaintiff's complaint alleges that his QWRs were made

between February and April of 2009. Because JPMorgan Chase admits liability for actions after September 25, 2008, and plaintiff alleges he made QWRs in 2009, JPMorgan Chase is liable for any RESPA violations for failure to respond to plaintiff's QWRs. Thus, defendant's motion to dismiss plaintiff's RESPA claim is denied.

**F.   Preliminary Injunction**

The only motion on the docket is a motion to dismiss. However, plaintiff's complaint, filed in state court on June 24, 2009, requested a preliminary injunction preventing JPMorgan Chase from evicting Victoria from his home. Nothing indicates whether any proceedings on this matter were conducted prior to removal on July 24, 2009. In federal court, a party must file a motion to request a preliminary injunction — inclusion in a cause of action for a complaint is not sufficient. Fed. Rule of Civ. 65. Thus, the court does not consider the merits of a preliminary injunction in this order, and JPMorgan Chase's motion to dismiss the plaintiff's cause of action for preliminary injunction is granted.

### IV. CONCLUSION

For the reasons stated above, the court GRANTS IN PART Defendants' motion to dismiss the Complaint, Doc. No. 1.

The court DISMISSES WITHOUT PREJUDICE the following claims as to defendant JPMorgan Chase:

1.   Plaintiff's first cause of action, for fraud.
2.   Plaintiff's fourth cause of action, for preliminary injunction.

The court does NOT grant plaintiff leave to amend his

complaint until after it reaches a decision in the outstanding motion.

The court DENIES defendant's motion as to the following claims:

1. Plaintiff's first claim in his second cause of action,[10] under TILA, insofar as this claim seeks civil damages.
2. Plaintiff's second claim in his second cause of action, under RESPA.
3. Plaintiff's third claim in his second cause of action, for violation of California Civ. Code. § 1632.
4. Plaintiff's third claim, under TILA, insofar as this claim seeks rescission.

The court sets forth the following schedule for briefing on whether JPMorgan Chase is liable for acts or omissions of WAMU occurring before September 25, 2008:

1. Plaintiff SHALL submit either an opposition or a statement of non opposition by November 30, 2009, unless the matter has settled before that time.
2. Defendant's reply brief, if any, SHALL be submitted no later than December 15, 2009.

IT IS SO ORDERED.

DATED: October 2, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[10] If plaintiff chooses to file an amended complaint, the court requests that he separate each claim in his second cause of action into separate causes of action.

17