UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANCISCO VICTORIA,

        Plaintiff,

   v.

JPMORGAN CHASE BANK;
WASHINGTON MUTUAL BANK;
and DOES 1 through 100,
inclusive.

        Defendants.

NO. CIV. S-09-2059 LKK/KJM

O R D E R

/

     On October 2, 2009, this court granted in part defendant JPMorgan Chase Bank, N.A.'s ("Defendant" or "JPMorgan") motion to dismiss. The court, however, did not decide whether plaintiff had stated a claim against JPMorgan for actions taken by defendant Washington Mutual Bank ("WAMU") prior to September 25, 2008, the date JPMorgan acquired some assets, including plaintiff's loan, and some liabilities from WAMU. Specifically, JPMorgan only sufficiently raised in its reply brief its argument that when it

1

acquired certain assets and liabilities of WAMU from the Federal Deposit Insurance Corporation ("FDIC"), it did not assume liability for claims made by borrowers for violations taken by WAMU of state or federal laws relating to the loan application process. For this reason, the court set forth a schedule for supplemental briefing on whether JPMorgan can be liable for actions by WAMU prior to September 25, 2008. Plaintiff timely filed an opposition to JPMorgan's arguments concerning this issue in its reply brief to the original motion, and defendant timely filed a reply to this opposition. For the reasons stated below, the court concludes that plaintiff cannot state a claim against JPMorgan for actions allegedly taken by WAMU prior to September 25, 2008. Accordingly, the court dismisses plaintiff's claim for civil damages under the Truth in Lending Act ("TILA") and plaintiff's claim under RESPA for failure to provide disclosures at the origination of his home loan.[1] Plaintiff, however, is granted leave of twenty (20) days to amend his complaint.

**I.  BACKGROUND**

On September 25, 2008, the Office of Thrift Supervision ("OTS") appointed the FDIC as Receiver of WAMU. Exhibit 2 to Defendant's Sur-Reply.[2] On the same day, the FDIC entered into a

---

[1] In the court's October 2, 2009 order, the court dismissed without prejudice plaintiff's cause of action for fraud and his cause of action for a preliminary injunction.

[2] The court takes judicial notice of Exhibit 1 and Exhibit 2 of defendant's sur-reply. A court may properly consider evidence that is subject to judicial notice under Fed. R. Evid. 201 on a motion to dismiss. Judicial notice is proper with respect to Exhibit 1, the Purchase and Assumption Agreement, and Exhibit 2, the order by

2

purchase and assumption agreement with JPMorgan. Exhibit 1 to Defendant's Sur-Reply. JPMorgan purchased assets of WAMU, including plaintiff's mortgage. However, JPMorgan did not assume all liabilities of WAMU. In particular, section 2.5 of the purchase and assumption agreement states that,

> Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by [WAMU] prior to failure, or to any loan made by a third party in connection with a loan which is or as held by [WAMU], or otherwise arising in connection with [WAMU]'s lending or loan purchase activities are specifically not assumed by [JPMorgan].

Exhibit 2 to Defendant's Sur-Reply.

Apparently, unaware of the limited liabilities assumed by JPMorgan, on June 24, 2009, plaintiff filed a complaint against JPMorgan arising out of actions taken by WAMU prior to September 25, 2008 as well as actions taken by WAMU and JPMorgan after JPMorgan acquired plaintiff's loan.

## II. ANALYSIS

Plaintiff makes three arguments as to why JPMorgan may be liable for actions taken by WAMU prior to September 25, 2008,

---

OTS directing the FDIC as Receiver for WAMU, because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonable be questioned."

3

and therefore, why the court should not dismiss causes of action against JPMorgan for these actions. As now explained, each of these arguments fails.

The evidence presented by defendant as to the liabilities it assumed is insufficient to dismiss the case and therefore, plaintiff argues that the court should not accept the judicially noticed documents as true. As explained in this court's October 2, 2009 order, a court may consider evidence that is subject to judicial notice under Fed. R. Evid. 201 on a motion to dismiss. Judicial notice of the purchase and assumption agreement is proper because it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Fed. Rule Evid. 201, in that it is available for public review on the FDIC's website. Plaintiff does not identify any reasons why the accuracy of the purchase and assumption agreement can reasonably be questioned[3] nor does he make any argument that JPMorgan can be liable to a borrower for actions taken by WAMU before September 25, 2008. Thus, JPMorgan cannot be held liable for pre-September 25, 2008

---

[3] Plaintiff seems to rely on the fact that defendant only sought judicial notice of the table of contents to the purchase and assumption agreement in its motion to dismiss. Defendant subsequently sought judicial notice of the entire agreement in its sur-reply. Plaintiff, nonetheless, cites to the website for the purchase and assumption agreement in his supplemental brief on the successor liability issue. Plaintiff, thereby, cannot make a good faith argument that he was not aware of the terms of the purchase and assumption agreement.

4

actions by WAMU, and establishing that fact, judicial notice of the purchase and assumption agreement is proper.

Second, plaintiff argues that dismissal before discovery would prejudice him. The argument does not lie. Plaintiff is still entitled to discovery on post-September 25, 2009 actions by WAMU and JPMorgan, which are the only claims to which he may be entitled to relief. Therefore, plaintiff is not prejudiced by dismissal.

Third, plaintiff argues that defendant should be liable for its predecessors's bad acts. In support of this argument, plaintiff cites to policy concerns of unfairness. Apparently plaintiff worries that if JPMorgan is not liable for the actions of WAMU prior to purchase, then no one is liable for allegedly illegal actions. This argument is without merit because plaintiff can seek relief from the FDIC, as Receiver for WAMU, for these allegedly illegal actions. Consequently, plaintiff cannot avoid dismissal on this policy ground.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS JPMorgan's motion to dismiss as to liabilities incurred by WAMU prior to September 25, 2008.

In addition to the causes of action dismissed in the court's October 2, 2009 order, the court DISMISSES the following claims as to defendant JPMorgan:

1. Plaintiff's first claim in his second cause of action, under TILA, insofar as this claim seeks civil damages for

failures to provide disclosures at loan origination.

2. Plaintiff's second claim in his second cause of action under RESPA, insofar as this claim seeks relief for failures to provide disclosures at loan origination.

IT IS SO ORDERED.

DATED: December 28, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

6