UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANCISCO VICTORIA,

        Plaintiff,

   v.

JPMORGAN CHASE BANK;
WASHINGTON MUTUAL BANK;
and DOES 1 through 100,
inclusive.

        Defendants.
_____/

NO. CIV. S-09-2059 LKK/KJM

O R D E R

     Plaintiff brings several causes of action against bank defendants concerning his home mortgage and foreclosure thereon. On December 29, 2009, this court granted in part and denied in part defendant JP Morgan Chase N.A.'s motion to dismiss plaintiff's complaint. In that order, the court granted plaintiff leave within twenty (20) days to file an amended complaint.[1] Accordingly,

---

[1] The court notes that leave to amend is not an order that plaintiff must amend. Rather, if plaintiff does not file an amended

1

1  plaintiff was given leave to file an amended complaint through
2  January 19, 2010. On February 18, 2010, defendant JP Morgan Chase
3  N.A. filed a motion to dismiss on the grounds that plaintiff failed
4  to file an amended complaint, which is set to be heard on March 22,
5  2010. On March 8, 2010, plaintiff filed an opposition to
6  defendant's motion, which was essentially a motion for leave to
7  file an amended complaint. Plaintiff's attorney declares that he
8  failed to timely file his amended complaint because he was unable
9  to attend this court's September 28, 2009 hearing on defendant's
10 motion to dismiss plaintiff's original complaint. This argument is
11 nonsensical in that plaintiff was granted leave to amend his
12 original complaint in the December 29, 2009 order. Leave to amend
13 was not discussed or considered at the September 28, 2009 hearing.
14     On September 29, 2009, the court filed an order setting a
15 status (pretrial scheduling) conference for February 22, 2010 at
16 1:30 p.m. Parties were instructed to file status reports ten (10)
17 days prior to the status conference. Plaintiff failed to file
18 a status report, despite being called by chambers on February 19,
19 2010 to remind him to submit the report. Accordingly, on February
20 22, 2010, this court ordered plaintiff's counsel to show cause for
21 his failure to file a status report. Plaintiff's counsel was given
22 fourteen days to file a response, in writing, as to why sanctions
23 in the amount of $150 should not issue. Plaintiff's response was
24 due on March 8, 2010. Plaintiff failed to file a response.
25
26 complaint, he will only be proceeding on claims that survived the
   motion to dismiss.

2

1    Further, on February 22, 2010, the court continued the status
2 conference until March 15, 2010 at 1:30 p.m. Accordingly,
3 plaintiff's status report was due to be filed on March 4, 2010.
4 Despite having been called by chambers to file a status report and
5 having received an order to show cause for his failure to file a
6 status report, plaintiff has again failed to file a status report
7 before the rescheduled status conference.
8    For the foregoing reasons, the court orders as follows:
9    1.   Counsel for plaintiff is SANCTIONED in the amount of one
10        hundred and fifty ($150.00) dollars for his initial
11        failure to file a status report. This sum shall be paid
12        to the Clerk of the Court no later than thirty (30) days
13        from the date of this order. Counsel shall file an
14        affidavit accompanying the payment of this sanction
15        which states that it is paid personally by counsel, out
16        of personal funds, and is not and will not be billed,
17        directly or indirectly, to the client or in any way made
18        the responsibility of the client as attorneys' fees or
19        costs.
20   2.   Counsel for plaintiff is ORDERED TO SHOW CAUSE in
21        writing why a sanction of dismissal of this case should
22        not issue, in accordance with Local Rule 110, within
23        fourteen (14) days of the issuance of this order for (a)
24        his failure to file a response to this court's February
25        22, 2010 order to show cause, (b) his failure to timely
26        file an amended complaint, and (c) his second failure to

1  file a status report. See Fed. R. Civ. P. 41(b), Link v.
2  Wabash R.R., 370 U.S. 626, 633 (1962). As discussed
3  above, the inability of plaintiff's counsel to attend
4  the September 28, 2009 hearing does not constitute good
5  cause.
6  3.  Counsel for plaintiff is further ORDERED TO SHOW CAUSE
7  in writing why this court should not order the Clerk of
8  the Court to serve a copy of this order and any
9  subsequent order sanctioning plaintiff's counsel on the
10 State Bar of California.
11 4.  Plaintiff's motion for leave to amend his complaint is
12 DENIED.
13 IT IS SO ORDERED.
14 DATED: March 10, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4