UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANCISCO VICTORIA,

        Plaintiff,

    v.

JPMORGAN CHASE BANK;
WASHINGTON MUTUAL BANK;
and DOES 1 through 100,
inclusive.

        Defendants.

_____/

NO. CIV. S-09-2059 LKK/KJM

O R D E R

On March 10, 2010, this court issued an order to show cause to plaintiff's counsel for his (a) failure to file a response to this court's February 22, 2010 order to show cause, (b) failure to timely file an amended complaint, and (3) failure to file a status report prior to the previously scheduled March 15, 2010 status conference. Also in this order, the court sanctioned plaintiff's counsel $150 for his failure to file a status report for the previously scheduled February 22, 2010 status conference.

On March 15, 2010, plaintiff's counsel timely filed an affidavit in response to the order to show cause. In this response, plaintiff's counsel indicates that he missed these deadlines due to a chronic and recurrent respiratory illness. In light of this information, the court concludes that neither dismissal nor referral to the bar is an appropriate sanction for plaintiff's late filings. Accordingly, the court finds no sanction is appropriate.

Also on March 15, 2010, plaintiff filed a status report and his sanction of $150. Plaintiff has not yet, however, filed an affidavit stating that the sanction is paid personally by counsel, out of personal funds, and is not and will not be billed, directly or indirectly, to the client or in any way made the responsibility of the client as attorneys' fees or costs.

Plaintiff's counsel's affidavit contained several misunderstandings of the procedural posture of this case, which the court here addresses. First, the status report plaintiff filed in anticipation of a status conference is pursuant to Fed. R. Civ. P. 16, not Fed. R. Civ. P. 26(f). After this conference, the court will issue a scheduling order, which sets for the timing of discovery. Parties are not required to meet and confer before this Rule 16 conference.[1]

Second, plaintiff misstates which of his claims have survived defendant's first motion to dismiss. Pursuant to the two orders

---

[1] The court notes that counsel for both parties are located out of Sacramento, and may, if they choose, appear telephonically for the conference. If both parties choose to do so, they will have to set up a conference call, and then call the court from one line.

2

disposing of defendant's motion to dismiss, Doc. Nos. 11, 16, the following claims were dismissed without prejudice: fraud, preliminary injunction, violation of the Truth in Lending Act ("TILA") claim for damages arising out of conduct at loan origination, and violation of the Real Estate Settlement Procedures Act ("RESPA") arising out of conduct at loan origination. The court noted, and again notes, that under the Federal Rules of Civil Procedure, plaintiffs must file a motion for a preliminary injunction. Inclusion of preliminary injunction as a cause of action in a complaint is not proper. See Fed. R. Civ. P. 65. Accordingly, the claims that survived defendant's motion to dismiss are the following: violation of TILA for damages arising out of conduct after September 25, 2008, violation of TILA for rescission, violation of RESPA arising out of conduct after September 25, 2008, and violation of Cal. Civ. Code § 1632.

Third, defendant's motion to dismiss assumes that plaintiff's failure to timely file an amended complaint after this court's December 29, 2009 order entitles it to dismissal of the entire action.[2] Despite this court's indication in its March 10, 2010

---

[2] Defendant has filed a reply to this motion indicating that plaintiff's delay in filing an amended complaint and failing to provide a substantive opposition to defendant's motion has prejudiced defendant. Plaintiff's actions here, while far from ideal, have not significantly prejudiced defendant to warrant dismissal. The court granted in part defendant's motion to dismiss the original complaint on December 29, 2009, and granted plaintiff 20 days to file an amended complaint. On February 18, 2010, defendant moved to dismiss due to plaintiff's failure to file an amended complaint. This case is proceeding on a short delay. Further, because defendant's motion lacks merit, as described above, the court does not address whether plaintiff's opposition

3

order to show cause that the December 29, 2009 order granting plaintiff leave to amend is not an order that plaintiff must amend his complaint, plaintiff's counsel still seems to believe that he must file an amended complaint in order for the case to proceed. This is not the case. If plaintiff does not file an amended complaint, he will proceed on his claims for violation of TILA for damages arising out of conduct after September 25, 2008, violation of TILA for rescission, violation of RESPA arising out of conduct after September 25, 2008, and violation of Cal. Civ. Code § 1632. Nonetheless, because plaintiff appears to want to file an amended complaint, the court grants plaintiff leave of twenty-one (21) days to file an amended complaint. Plaintiff is cautioned that if he does not plead these claims for which the court has denied defendant's motion to dismiss in his amended complaint, they will be waived. The court further renews its request from the October 2, 2009 order that plaintiff plead separate causes of action for each statutory or common law claim he intends to bring.[3] Plaintiff may also truthfully amend to cure defects on the claims dismissed from his amended complaint. Plaintiff, however, is cautioned not to replead insufficient claims, or to falsely plead.

For the foregoing reasons, the court hereby ORDERS:

(1) A status conference is set for April 5, 2010 at 1:30

---

was sufficiently responsive.

[3] For example, "First Cause of Action: Violation of the Truth-in-Lending-Act . . . Second Cause of Action: Violation of the Real Estate Settlement Procedures Act . . . Third Cause of Action: Violation of Cal. Civ. Code § 1632 . . . ."

4

|   |     |                                                              |
|---|-----|--------------------------------------------------------------|
| 1 |     | p.m. Because both parties have now submitted status          |
| 2 |     | reports, no further reports are necessary.                   |
| 3 | (2) | No sanction will issue for plaintiff's counsel's (a)         |
| 4 |     | failure to file a response to this court's February 22,      |
| 5 |     | 2010 order to show cause, (b) failure to timely file and     |
| 6 |     | amended complaint, and (3) failure to file a status          |
| 7 |     | report prior to the previously scheduled March 15, 2010     |
| 8 |     | status conference.                                           |
| 9 | (3) | Plaintiff's counsel shall file within fourteen (14) days     |
| 10|     | of the issuance of this order that the $150 sanction he      |
| 11|     | paid on March 15, 2010 was paid personally by counsel,       |
| 12|     | out of personal funds, and is not and will not be            |
| 13|     | billed, directly or indirectly, to the client or in any      |
| 14|     | way made the responsibility of the client as attorneys'      |
| 15|     | fees or costs.                                               |
| 16| (4) | Plaintiff is granted leave of twenty-one (21) days to        |
| 17|     | file an amended complaint.                                   |
| 18| (5) | Defendant's motion to dismiss, Doc. No. 17, is denied.       |
| 19| IT IS SO ORDERED.                                                  |
| 20| DATED: March 18, 2010.                                             |

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5